[Cite as *Henderson v. Ohio Dept. of Transp.*, 2010-Ohio-5459.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EMILY L. HENDERSON

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-04122-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION


{¶ 1} Plaintiff, Emily L. Henderson, filed this action against defendant, Department of Transportation (ODOT), contending that her 2008 Dodge Avenger was damaged as a proximate cause of negligence on the part of ODOT personnel in failing to maintain Colerain Avenue (US Route 27) in Hamilton County free of defects. In her complaint, plaintiff pointed out that the tire and rim on her vehicle were damaged when the minivan struck "a gigantic pothole, between Loretta Lane and Byrneside Drive" on US Route 27 North in Hamilton County. Plaintiff recalled that the damage incident occurred on February 13, 2010, at approximately 7:00 p.m. Plaintiff seeks damage recovery in the amount of $1,141.48. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 13, 2010 described occurrence. Defendant located the pothole "between mileposts 10.24 and 10.28 on US 27 in Hamilton County" and advised that "ODOT did not receive any reports of the pothole or have any knowledge of the pothole prior to the (February 13, 2010) incident." Defendant asserted that plaintiff failed to

produce any evidence to establish the length of time the pothole existed on US Route 27 prior to her damage occurrence. Defendant suggested that "it is likely the pothole existed for only a short time before the incident."

{¶ 3} Furthermore, defendant argued that plaintiff failed to prove the roadway was negligently maintained. Defendant explained that the ODOT "Hamilton County Manager inspects all state roadways within the county at least two times a month." Apparently no potholes were detected between mileposts 10.24 and 10.28 on US Route 27 the last time that section of roadway was inspected before February 13, 2010. The claim file is devoid of any roadway inspection records. Defendant did submit "Maintenance Records" for US Route 27 covering the period from August 13, 2010 to February 13, 2010. These records show that no pothole patching repairs were needed in the vicinity of mileposts 10.24 and 10.28 during the six-month period preceding plaintiff's damage event.

{¶ 4} Plaintiff filed a response insisting defendant should bear liability for her February 13, 2010 property damage incident. Plaintiff did not offer any evidence to show the length of time that the particular pothole existed on the roadway prior to 7:00 p.m. on February 13, 2010.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996),

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.

{¶ 9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the length of time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's

acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the roadway defect.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EMILY L. HENDERSON

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-04122-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY

                                        Clerk

Entry cc:


Emily L. Henderson                       Jolene M. Molitoris, Director
7864 Riley Road                          Department of Transportation
Alexandra, Kentucky  41001               1980 West Broad Street
                                         Columbus, Ohio  43223

RDK/laa
6/11
Filed 7/20/10
Sent to S.C. reporter 11/5/10